ORIGINAL

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KENNETH L. HAYNES and
DARENDA A. HAYNES,

Plaintiffs

vs.

Case No: 2:08-cv-10358-LPZ-MJH
HON: Lawrence P. Zatkoff

RYM TECHNOLOGY HOLDINGS, LLC, a Michigan limited liability company, FELIX L. DANIEL, SR., ANTHONY B. FIELDS, DERRICK A. BEELER, RAY FLUKER, FIRST FRANKLIN FINANCIAL CORP., subsidiary of NATIONAL CITY BANK OF INDIANA, a Delaware corporation, NATIONAL CITY BANK, a foreign banking corporation, FIFTH THIRD BANK, a federal banking corporation, SOURCE ONE MORTGAGE CORPORATION, a Michigan corporation, LAND OWNERS TITLE AGENCY, INC., a Michigan corporation, ROYAL MORTGAGE, INC., a Michigan corporation, WAYNE SMITH, ARDRENA SMITH, LYNN E. CARGILL AND TIMOTHY G. WEGMEYER,

Defendants.

FILED

_____________________________________/

HAFELI, STARAN, HALLAHAN, CHRIST & DUDEK
Mark W. Hafeli (P28908)
Attorney for Plaintiffs
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302-2082
(248) 731-3083

CLARK HILL
William G. Asimakis, Jr. (P46155)
Jordan S. Bolton (P66309)
Attorney for Defendant First Franklin Financial Corporation
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300

COLLINS, EINHORN, FARRELL & ULANOFF
David C. Anderson (P35599)
Attorney for Defendant Cargill
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141

DEMOREST LAW FIRM
Mark S. Demorest (P35912)
Michael Dorfman (P60955)
Attorneys for Defendant Land Owners Title
555 S. Old Woodward Ave., Suite 210
Birmingham, Mi 48009
(248) 723-5500

Lawrence J. Lacey (P52751)
Attorney for Defendants, Wayne and Andrena Smith
26080 Woodward Ave.
Royal Oak, MI 48067
(248) 584-2170

Timothy G. Wegmeyer (P36239)
In Pro Per
P.O. Box 596
Marine City, MI 48039
(586) 634-1711

Daniel J. Dulworth (P41784)
Michael R. Turco (P48705)
Butzel Long
Attorneys for Fifth Third Bank
150 West Jefferson Ave., Ste. 100
Detroit, MI 48226
(313) 225-7000

---

DEFENDANT TIMOTHY G. WEGMEYER'S
ANSWER TO COMPLAINT

NOW COMES the Defendant, Timothy G. Wegmeyer, hereinafter Defendant, Wegmeyer, In Pro Per, and in Answer to Plaintiff's Complaint, states as follows:

1. Defendant neither admits nor denies the allegations contained in paragraph 1 and leaves Plaintiffs to their proofs.

2. Defendant neither admits nor denies the allegations contained in paragraph 2 and leaves Plaintiffs to their proofs.

3. Defendant neither admits nor denies the allegations contained in paragraph 3 and leaves Plaintiffs to their proofs.

4 Defendant neither admits nor denies the allegations contained in paragraph 4 and leaves Plaintiffs to their proofs.

5. Defendant neither admits nor denies the allegations contained in paragraph 5 and leaves Plaintiffs to their proofs.

6. Defendant neither admits nor denies the allegations contained in

paragraph 6 and leaves Plaintiffs to their proofs.

7. Defendant neither admits nor denies the allegations contained in paragraph 7 and leaves Plaintiffs to their proofs.

8. Defendant neither admits nor denies the allegations contained in paragraph 8 and leaves Plaintiffs to their proofs.

9. Defendant neither admits nor denies the allegations contained in paragraph 8 and leaves Plaintiffs to their proofs.

10. Defendant neither admits nor denies the allegations contained in paragraph 10 and leaves Plaintiffs to their proofs.

11. Defendant neither admits nor denies the allegations contained in paragraph 11 and leaves Plaintiffs to their proofs..

12. Defendant neither admits nor denies the allegations contained in paragraph 12 and leaves Plaintiffs to their proofs.

13. Defendant neither admits nor denies the allegations contained in paragraph 13 and leaves Plaintiffs to their proofs.

14. Defendant neither admits nor denies the allegations contained in paragraph 14 and leaves Plaintiffs to their proofs.

15. Defendant admits the allegations contained in paragraph 15 as true.

16. Defendant denies the allegations contained in paragraph 16 as untrue.

17. Defendant denies the allegations contained in paragraph 17 as untrue.

18. Defendant neither admits nor denies the allegations contained in paragraph 18 and leaves Plaintiffs to their proofs.

19. Defendant neither admits nor denies the allegations contained in

paragraph 19 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

20. Defendant neither admits nor denies the allegations contained in paragraph 20 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

21. Defendant neither admits nor denies the allegations contained in paragraph 21 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

22. Defendant neither admits nor denies the allegations contained in paragraph 22 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

23. Defendant neither admits nor denies the allegations contained in paragraph 23 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this

cause of action is based.

24. Defendant neither admits nor denies the allegations contained in paragraph 24 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

25. Defendant neither admits nor denies the allegations contained in paragraph 25 and leaves Plaintiffs to their proofs.

26. Defendant neither admits nor denies the allegations contained in paragraph 26 and leaves Plaintiffs to their proofs.

27. Defendant neither admits nor denies the allegations contained in paragraphs 27 and leaves Plaintiffs to their proofs.

28. Defendant neither admits nor denies the allegations contained in paragraph 28 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

29. Defendant neither admits nor denies the allegations contained in paragraph 29 and leaves Plaintiffs to their proofs.

30. Defendant denies the allegations contained in paragraph 30 for the reason that same are untrue.

31. Defendant neither admits nor denies the allegations contained in paragraph 31 and leaves Plaintiffs to their proofs.

32. Defendant neither admits nor denies the allegations contained in paragraph 32 and leaves Plaintiffs to their proofs.

33. Defendant denies the allegations contained in paragraph 33 for the reason that same are untrue. Plaintiff, Kenneth Haynes and Defendants, Daniel, Fields, Beeler, and Fluker were "Members" of RYM Technology Holdings, LLC. Plaintiff, Kenneth Haynes, was intimately involved in the LLC, and was entrusted with RYM-Tech monies, the same of which he was to invest for, and on behalf of the, LLC..

34. Defendant neither admits nor denies the allegations contained in paragraph 34 and leaves Plaintiffs to their proofs.

35. Defendant neither admits nor denies the allegations contained in paragraph 35 and leaves Plaintiffs to their proofs.

36. Defendant neither admits nor denies the allegations contained in paragraph 36 and leaves Plaintiffs to their proofs.

37. Defendant neither admits nor denies the allegations contained in paragraph 37 and leaves Plaintiffs to their proofs.

38. Defendant neither admits nor denies the allegations contained in paragraph 38 and leaves Plaintiffs to their proofs.

39. Defendant neither admits nor denies the allegations contained in paragraph 39 and leaves Plaintiffs to their proofs.

40. Defendant neither admits nor denies the allegations contained in paragraph 40 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had

any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

41. In answer to paragraph 41, Defendant admits that Lynn E. Cargill and Timothy G. Wegmeyer are attorneys. Defendant denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based. Defendant, Wegmeyer, for a period of time beginning on or about May, 2004 through April, 2007, performed certain legal services for Defendant, RYM Technology Holdings, LLC, limited to drafting of corporate resolutions, as they pertained to membership in the LLC, organization, drafting of operating agreements, general "house keeping" functions for purposes of State filing requirements, and the prosecution and defense of corporate litigation. At no time did Defendant, Wegmeyer, participate in, offer counsel, or advise either RYM Technology Holdings, LLC, the individual Members, including Plaintiff, Kenneth Haynes, relative to the legality, feasibility, or potential success of the company investment plans and/or the mortgage reduction program. Conversely, Plaintiff, Kenneth Haynes, was admitted, as a Member" of the LLC, based upon his resume the same of which reflects S.E.C. certification and expertise in the area of securities investment, mortgages, insurance, and debt certification. Plaintiff, Kenneth Haynes was intimately familiar with, participated in, and managed (or mismanaged) company funds in his capacity as a "Member" of the LLC. Plaintiff owed, and breached, his fiduciary duty to the other "Members" of RYM-Tech, and their clients, as a result of his negligent and/or fraudulent mismanagement of company assets. Defendant, Wegmeyer, never held himself

out as an expert in the fields of real estate and/or securities, nor was he asked to provide advice or legal services as it pertained to these aspects of the business. Defendant, at no time counseled, advised, or otherwise provided any opinion relative to Plaintiff's participation in the RYM Tech program, and was never retained by, or offered legal services to Plaintiffs. Defendant never represented or entered into an attorney-client relationship with Plaintiff, nor has he never met, corresponded with, or otherwise communicated with Plaintiff, Darenda Haynes regarding any matter, including, but not limited to RYM-Tech business or programs. Until being served with the subject complaint, Defendant was not aware that Plaintiffs had placed their home in the program. Defendant, was never engaged to draft, review, or offer any legal opinion or advice, relative to the transactional documents pertaining to the program, and was not privy to said documents until such time as he was called upon to prosecute and defend corporate litigation pertaining to the same.

42. Defendant neither admits nor denies the allegations contained in paragraph 42 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

43. Defendant neither admits nor denies the allegations contained in paragraph 43 and leaves Plaintiffs to their proofs.

44. Defendant neither admits nor denies the allegations contained in paragraph 44 and leaves Plaintiffs to their proofs.

45. Defendant neither admits nor denies the allegations contained in paragraph 45 and leaves Plaintiffs to their proofs.

46. Defendant neither admits nor denies the allegations contained in paragraph 46 and leaves Plaintiffs to their proofs.

WHEREFORE, Defendant, Timothy G. Wegmeyer, respectfully requests this honorable court, dismiss Plaintiff's complaint with prejudice, and award Defendant actual costs and attorney fees incurred in the defense of this matter.

COUNT I

R.I.C.O. VIOLATION

47. Defendant incorporates by reference, the answers to paragraph 1-46 herein.

48. Defendant denies the allegations contained in paragraph 48 for the reason that same are untrue.

49. Defendant denies the allegations contained in paragraph 49 for the reason that same are untrue.

50. Defendant denies the allegations contained in paragraph 50 for the reason that same are untrue.

51. Defendant denies the allegations contained in paragraph 51 for the reason that same are untrue.

52. Defendant neither admits nor denies the allegations contained in paragraph 52 and leaves Plaintiffs to their proofs.

51. Defendant denies the allegations contained in paragraph 51 for the reason that same are untrue.

52. Defendant neither admits nor denies the allegations contained in paragraph 52 and leaves Plaintiffs to their proofs.

53. Defendant neither admits nor denies the allegations contained in paragraph 53 and leaves Plaintiffs to their proofs.

54. Defendant denies the allegations contained in paragraph 54 for the reason that same are untrue.

55. Defendant denies the allegations contained in paragraph 55 for the reason that same are untrue.

56. Defendant neither admits nor denies the allegations contained in paragraph 56 and leaves Plaintiffs to their proofs.

WHEREFORE, Defendant, Timothy G. Wegmeyer, respectfully requests this honorable court, dismiss Plaintiff's complaint with prejudice, and award Defendant actual costs and attorney fees incurred in the defense of this matter.

COUNT II

FRAUD

57. Defendant incorporates by reference, the answers to paragraph 1-56 herein.

58 Defendant neither admits nor denies the allegations contained in paragraph 58 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

59 Defendant neither admits nor denies the allegations contained in

paragraph 59 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

60 Defendant neither admits nor denies the allegations contained in paragraph 60 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

61. Defendant denies the allegations contained in paragraph 61 for the reason that same are untrue.

62. Defendant denies the allegations contained in paragraph 62 for the reason that same are untrue.

63. Defendant denies the allegations contained in paragraph 63 for the reason that same are untrue.

64. Defendant denies the allegations contained in paragraph 64 for the reason that same are untrue.

WHEREFORE, Defendant, Timothy G. Wegmeyer, respectfully requests this honorable court, dismiss Plaintiff's complaint with prejudice, and award Defendant actual costs and attorney fees incurred in the defense of this matter.

COUNT III

VIOLATION OF THE CONSUMER PROTECTION ACT

65. Defendant incorporates by reference, the answers to paragraph 1-64

herein.

66. Defendant denies the allegations contained in paragraph 66 for the reason that same are untrue.

67. Defendant denies the allegations contained in paragraph 67 for the reason that same are untrue.

68. Defendant denies the allegations contained in paragraph 68 for the reason that same are untrue.

69. Defendant denies the allegations contained in paragraph 69 for the reason that same are untrue.

WHEREFORE, Defendant, Timothy G. Wegmeyer, respectfully requests this honorable court, dismiss Plaintiff's complaint with prejudice, and award Defendant actual costs and attorney fees incurred in the defense of this matter.

COUNT IV

CANCELLATION OF MORTGAGE AND SHERIFF'S DEED

70. Defendant incorporates by reference, the answers to paragraph 1-69 herein.

71. Defendant denies the allegations contained in paragraph 71 for the reason that same are untrue.

72. Defendant neither admits nor denies the allegations contained in paragraph 72 and leaves Plaintiffs to their proofs.

73 Defendant neither admits nor denies the allegations contained in paragraph 73 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had

any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

74. Defendant neither admits nor denies the allegations contained in paragraph 74 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

75. Defendant neither admits nor denies the allegations contained in paragraph 75 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

76. Defendant neither admits nor denies the allegations contained in paragraph 76 and leaves Plaintiffs to their proofs. Defendant, Timothy G. Wegmeyer, specifically denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

77. Defendant neither admits nor denies the allegations contained in paragraph 77 and leaves Plaintiffs to their proofs.

78. Defendant denies the allegations contained in paragraph 78 for the reason that same are untrue.

WHEREFORE, Defendant, Timothy G. Wegmeyer, respectfully requests this honorable court, dismiss Plaintiff's complaint with prejudice, and award

Defendant actual costs and attorney fees incurred in the defense of this matter.

COUNT V

BREACH OF CONTRACT

79. Defendant incorporates by reference, the answers to paragraph 1-78 herein.

80. Defendant neither admits nor denies the allegations contained in paragraph 80 and leaves Plaintiffs to their proofs.

81. Defendant neither admits nor denies the allegations contained in paragraph 81 and leaves Plaintiffs to their proofs.

82. Defendant neither admits nor denies the allegations contained in paragraph 82 and leaves Plaintiffs to their proofs.

83. Defendant neither admits nor denies the allegations contained in paragraph 83 and leaves Plaintiffs to their proofs.

84. Defendant neither admits nor denies the allegations contained in paragraph 84 and leaves Plaintiffs to their proofs.

85. Defendant neither admits nor denies the allegations contained in paragraph 85 and leaves Plaintiffs to their proofs.

WHEREFORE, Defendant, Timothy G. Wegmeyer, respectfully requests this honorable court, dismiss Plaintiff's complaint with prejudice, and award Defendant actual costs and attorney fees incurred in the defense of this matter.

WHEREFORE, Defendant, Timothy G. Wegmeyer, respectfully request this honorable court dismiss Plaintiff's Complaint, with prejudice, and award Defendant actual costs and attorney fees incurred in the defense of this matter.

Respectfully Submitted,

Timothy G. Wegmeyer (P36239)
In Pro Per

Dated July 9, 2008

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KENNETH L. HAYNES and
DARENDA A. HAYNES,

Plaintiffs

vs.

Case No: 2:08-cv-10358-LPZ-MJH
HON: Lawrence P. Zatkoff

RYM TECHNOLOGY HOLDINGS, LLC, a Michigan limited liability company, FELIX L. DANIEL, SR., ANTHONY B. FIELDS, DERRICK A. BEELER, RAY FLUKER, FIRST FRANKLIN FINANCIAL CORP., subsidiary of NATIONAL CITY BANK OF INDIANA, a Delaware corporation, NATIONAL CITY BANK, a foreign banking corporation, FIFTH THIRD BANK, a federal banking corporation, SOURCE ONE MORTGAGE CORPORATION, a Michigan corporation, LAND OWNERS TITLE AGENCY, INC., a Michigan corporation, ROYAL MORTGAGE, INC., a Michigan corporation, WAYNE SMITH, ARDRENA SMITH, LYNN E. CARGILL AND TIMOTHY G. WEGMEYER,

FILED '08 JUL 10 P2:26



Defendants.
_________________________________________/

HAFELI, STARAN, HALLAHAN, CHRIST & DUDEK
Mark W. Hafeli (P28908)
Attorney for Plaintiffs
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48302-2082
(248) 731-3083

CLARK HILL
William G. Asimakis, Jr. (P46155)
Jordan S. Bolton (P66309)
Attorney for Defendant First Franklin Financial Corporation
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300

COLLINS, EINHORN, FARRELL & ULANOFF
David C. Anderson (P35599)
Attorney for Defendant Cargill
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141

DEMOREST LAW FIRM
Mark S. Demorest (P35912)
Michael Dorfman (P60955)
Attorneys for Defendant Land Owners Title
555 S. Old Woodward Ave., Suite 210
Birmingham, Mi 48009
(248) 723-5500

Lawrence J. Lacey (P52751)
Attorney for Defendants, Wayne and Andrena Smith
26080 Woodward Ave.
Royal Oak, MI 48067
(248) 584-2170

Timothy G. Wegmeyer (P36239)
In Pro Per
P.O. Box 596
Marine City, MI 48039
(586) 634-1711

Daniel J. Dulworth (P41784)
Michael R. Turco (P48705)
Butzel Long
Attorneys for Fifth Third Bank
150 West Jefferson Ave., Ste. 100
Detroit, MI 48226
(313) 225-7000

---

## AFFIRMATIVE DEFENSES OF TIMOTHY G. WEGMEYER

NOW COMES the Defendant, Timothy G. Wegmeyer, and states that he may raise in the defense of this matter any one or more of the following Defenses or Affirmative Defenses.

1. Statute of Limitations.

2. Latches

3. Breach of Contract

4. Failure of Consideration

5. Statute of Frauds

6. Accord and Satisfaction

7. Estoppel

8. Failure to state a claim on which relief can be granted

9. Lack of jurisdiction.

10. Defendant denies that he participated in, assisted, counseled, or had any knowledge whatsoever, of the transaction, and/or transactions upon which this cause of action is based.

11. At no time did Defendant, Wegmeyer, participate in, offer counsel, or

advise either RYM Technology Holdings, LLC, the individual Members, including Plaintiff, Kenneth Haynes, relative to the legality, feasibility, or potential success of the company investment plans and/or the mortgage reduction program.

12. Plaintiff, Kenneth Haynes, was admitted, as a Member" of the LLC, based upon his resume the same of which reflects S.E.C. certification and expertise in the area of securities investment, mortgages, insurance, and debt certification.

13. Plaintiff, Kenneth Haynes was intimately familiar with, participated in, and managed (or mismanaged) company funds in his capacity as a "Member" of the LLC.

14. Plaintiff owed, and breached, his fiduciary duty to the other "Members" of RYM-Tech, and their clients, as a result of his negligent and/or fraudulent mismanagement of company assets.

15. Defendant, Wegmeyer, never held himself out as an expert in the fields of real estate and/or securities law, nor was he asked to provide advice or legal services as it pertained to these aspects of the business.

16. Defendant, at no time counseled, advised, or otherwise provided any opinion relative to Plaintiff's participation in the RYM Tech program, and was never retained by, or offered legal services to Plaintiffs.

17. Defendant never represented or entered into an attorney-client relationship with Plaintiff, nor has he never met, corresponded with, or otherwise communicated with Plaintiff, Darenda Haynes regarding any matter, including, but not limited to RYM-Tech business or programs.

19. Until being served with the subject complaint, Defendant was not aware that

Plaintiffs had placed their home in the program.

20. Defendant, was never engaged to draft, review, or offer any legal opinion or advice, relative to the transactional documents pertaining to the program, and was not privy to said documents until such time as he was called upon to prosecute and defend corporate litigation pertaining to the same.

Defendants, Timothy G. Wegmeyer, reserves the right to assert, allege and/or rely upon, at the time of trial, further affirmative defenses and special defenses as become known throughout the course of discovery.

Respectfully Submitted,

Timothy G. Wegmeyer (P36239)
In Pro Per

July 9, 2008