UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH L. HAYNES and
DARENDA A. HAYNES,

       Plaintiffs,                      CASE NO. 08-10358

v.                                        HON. LAWRENCE P. ZATKOFF

RYM TECHNOLOGY HOLDINGS, LLC,
et al.,

       Defendants.
_____/

**ORDER TO FILE RICO CASE STATEMENT**

In this matter, Plaintiffs have filed a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, pursuant to 18 U.S.C. § 1961 et seq. In furtherance of such RICO claim, IT IS HEREBY ORDERED that Plaintiffs shall file and serve within 21 days of this Order a case statement that shall include the facts relied on to initiate the RICO claim. In particular, the statement shall use the numbers and letters set forth below, and shall state in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d). If you allege violations of more than one section 1962 subsection, treat each as a separate RICO claim.

2. List each defendant, and state the alleged misconduct and basis of alleged liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims, and state how each victim allegedly was injured.

5. Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall:

   (a) list the alleged predicate acts and the specific statutes allegedly violated by each predicate act;

   (b) state the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding each predicate act;

   (c) if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under Title 11 of the U.S. Code, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b) (identify the time, place, and contents of the alleged misrepresentation or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made);

   (d) describe in detail the perceived relationship that the predicate acts bear to each other or to some external organizing principle that renders them "ordered" or "arranged" or "part of a common plan"; and

   (e) explain how the predicate acts amount to or pose a threat of continued criminal activity.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall:

   (a) state the names of the individuals, partnerships, corporations, associations, or other entities allegedly constituting the enterprise;

   (b) describe the structure, purpose, roles, function, and course of conduct of the enterprise;

   (c) state whether any defendants are employees, officers, or directors of the alleged enterprise;

   (d) state whether any defendants are associated with the alleged enterprise, and, if so, how;

   (e) explain how each defendant participated in the direction of the affairs of the enterprise;

   (f) state whether you allege (i) that the defendants are individuals or entities separate from the alleged enterprise, or (ii) that the defendants are the enterprise itself, or (iii) that the defendants are members of the enterprise; and

   (g) explain, if you allege any defendants to be the enterprise itself or members of the enterprise, whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State whether you allege, and describe in detail, how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise and each defendant received from the alleged pattern of racketeering activity.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    (a) state who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    (b) describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:

    (a) describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and

    (b) state whether the same entity is both the liable "person" and the "enterprise" under section 1962(b).

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    (a) state who is employed by or associated with the enterprise; and

    (b) state whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the relationship between the alleged injury and violation of the RICO statute.

17. List the damages sustained by reason of the violation of section 1962, indicating the amount for which each defendant allegedly is liable.

18. Provide any additional information you feel would be helpful to the court in processing your RICO claim.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 15, 2008.


s/Marie E. Verlinde
Case Manager
(810) 984-3290